SAAR v. FULLER ET AL.

1. **Instructions:** SUBMITTING QUESTIONS OF DOUBTFUL PROOF. A fact is not proved because there is uncontradicted testimony which tends to prove it; and when there are other circumstances shown by the evidence which have a bearing upon the weight and credit which should be given to such uncontradicted testimony, the question as to whether the fact is proved should be submitted to the jury. (See opinion for illustration.)

2. ———: NO EVIDENCE TO WARRANT. An instruction directing the jury to inquire into a matter of which there is no evidence is erroneous. (See opinion for illustration.)

*Appeal from Mills Circuit Court.*

WEDNESDAY, MARCH 16.

PLAINTIFF instituted an action at law on a money demand, and sued out a writ of attachment, which was levied on cer tain personal property as the property of the defendant John Finkin. Thomas J. Finkin filed a petition of intervention, claiming to be the owner of the attached property, and asking that the same be released from the levy. Plaintiff answered this petition, denying that intervenor was the owner of the property, and alleging that his only claim thereto was based on a pretended sale by defendant John Finkin, and that such sale was made for the purpose of hindering and delaying the creditors of defendant in the collection of their debts. There was a verdict and judgment for plaintiff. Intervenor appeals.

*Stone & Gilliland*, for appellant.

*Flickinger Bros.* and *Watkins & Williams*, for appellee.

REED, J.—I. Intervenor is the son of defendant John Finkin. At the time of the alleged sale of the property to him, he was about twenty-eight years old. He had lived in his father's family continuously since he attained his majority, and had rendered service for him during all that time, and had been boarded and clothed and treated in other respects as a

member of the family. He and his father testified that soon after he became twenty-one years old, an agreement was entered into between them that he should continue to work for his father until such time as he should conclude to engage in business for himself, and that he should be compensated for his services. They were not contradicted by any direct evidence as to the making of such contract. He claims that part of the consideration for the transfer of the property in question to him was the value of the services rendered by him under that agreement. In addition to that, he claims to have assumed the payment of certain debts his father was owing. The circuit court instructed the jury that if such agreement was entered into, and he performed services under it, the value of such services would constitute a good consideration for the sale of the property to him. The court also told the jury, in effect, that if he rendered the services while he lived with and was treated as a member of the family, but without any express agreement that he was to be compensated therefor, the value of the services would not constitute a valid consideration for the sale. The giving of this latter instruction is excepted to. No question is made as to its correctness as an abstract proposition, but it is insisted that it is not based on any evidence in the case.

As stated above, there was no direct evidence tending to contradict the testimony of intervenor and his father as to the making of the contract; but the burden was on him to establish that the sale was supported by a valid consideration. There was no question as to the rendition of the services; but, under the rule as settled in this state, he was required to prove that they were rendered under an agreement that they should be paid for. Now, the court could not assume that the making of the agreement was proven simply because the testimony which tended to prove it was not contradicted by any direct evidence. There were circumstances disclosed by the testimony of intervenor and his father, which were proper to be considered by the jury in determining whether

the alleged contract was ever entered into; such as the fact that there never had been an accounting between them, while intervenor had received money from time to time while rendering the services, of which no account was kept, and had been clothed and in other respects treated as a member of the family. It cannot be assumed, in any such case, that a fact is proven because there is testimony which tends to prove it which is not directly contradicted; for there is always a question as to the weight and credit which should be given to the testimony, and that question is for the jury. If the testimony in the present case was not sufficient to convince the jury that the services were rendered under an agreement that they should be paid for, the question covered by the instruction arose in the case. It was therefore proper for the court to instruct on that question.

II. Intervenor's father owned a farm, and for many years before the transaction in question he had been engaged in 2. ——: no   the business of farming. Some time before that, evidence to warrant.   however, he became the owner of a merchant tailoring establishment in Council Bluffs. The business of this establishment was managed by an agent in his employ. His indebtedness, aside from what had been incurred in that business, was not large. The property sold to intervenor consisted of the stock and farming utensils on his farm. A short time before the sale, he had incurred an indebtedness of about $3,300 for goods for the establishment in Council Bluffs. That was about the extent of his liabilities growing out of that business, and that indebtedness did not fall due for some time after the sale to the intervenor. He was not able to pay the debt when it became due, and his creditors began to press him for payment, and some months afterwards they instituted suits against him, and sued out attachments, on which the goods in the establishment were seized. These facts were proven on the trial. The circuit court instructed the jury that, in determining whether the sale to intervenor was made with the fraudulent intent charged, they might

inquire whether his creditors were then pressing him for payment or security for their debts. This instruction should not have been given. When the sale was made, the debts were not due, and none of the creditors were then pressing him for payment or security. The evidence on that subject, all related to a time subsequent to the sale. The instruction could hardly fail to be prejudicial to intervenor.

As we reverse the judgment on this ground, we will not consider the question whether the verdict is sustained by the evidence.

REVERSED.