[No. 5430.]

THE PORTLAND GOLD MINING COMPANY v. O'HARA.

1. **Master and Servant—Duty of the Master as to Machinery and Appliances**—The master is not an insurer of the safety of the appliances provided for the servant's use. He is only required to exercise reasonable care for the servant's safety. An instruction that if a particular appliance was "dangerous" to a servant, and could have been made safe, it was negligence in the master to leave it in its then condition, is error.—(419)

2. **Trial—Questions for the Jury**—In an action for negligence, the evidence being conflicting and there being sufficient competent evidence to warrant a verdict for the plaintiff, the case must go to the jury.—(420)

That the servant might have avoided injury by going a long way around is not sufficient to take the case from the jury, where, at the time of the injury, he was in the performance of a duty requiring prompt action, and he had no knowledge of the defect which occasioned the injury, even though there was evidence that by ordinary circumspection he must have seen the defect. The court is not to declare that it is negligence in the owner of a mill to leave a set-screw uncovered, if this involved danger to the servants employed there. The question must be left to the jury.—(423, 425)

3. **Instructions—Objections**—A general objection to the refusal of the whole of a series of instructions, some of which are improper, will not be considered. Counsel should at the time an instruction is offered call the attention of the court thereto, and when objection is made to an instruction, the reason therefor should be assigned.—(423)

*Appeal from El Paso District Court* — Hon. ROBERT E. LEWIS, Judge.

Mr. WILLIAM E. HUTTON, Mr. RALPH HARTZELL, for appellant.

Messrs. ORR & CUNNINGHAM, Mr. E. N. SMITH, Mr. GEORGE GARDNER, for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

Appellee, P. L. O'Hara, brought this action to recover damages for personal injuries sustained in September, 1902, while in the employ of the appellant. He was working in the screen room of its ore mill at Colorado City. The injury is alleged to have resulted through the negligence of the appellant in not enclosing the end of a revolving shaft and setscrew with a screen covering, and in leaving them exposed. The screen where the accident occurred was a revolving cylinder about nine feet in length, three feet in diameter, on a shaft about twelve feet long, upon the end of which shaft was the set-screw which caused the accident. The set-screw was near

a wooden floor, possibly nine inches from the floor, and could have been covered, but at the time of the accident, was without protection; at which time there were from eight to twelve screens in motion in the room, and there was testimony that each emitted quantities of dust, which would naturally come from such works. This dust was constantly settling, was heavier near the floor, where it made objects not easily discernible.

There was some dispute as to what the duties of the appellee were, and whether or not they were such as to warrant the assumption he must be held to have known and assumed the danger of the risk; also, as to whether the danger was open or obvious; also, as to the condition of the light in the room.

For about eighteen days, appellee had been employed by the company in its mill in the bedding floor below, during which time, it appears, he went once each day to this screen room, and brushed off these screens, eight to twelve in number. On the eighteenth or nineteenth day after his employment, by the foreman's instructions, he took charge of these screens, and was on his second eight-hour shift when he received his injury. It appears his duties were to watch the machinery, make examination of the spouts, to see they did not clog up, and when they did, to immediately perform such labors as would relieve their condition, and prevent accumulation of ore in the screens, and the clogging of the elevators. There is evidence tending to show the appellee did not desire the employment in the screen room, preferring to remain below. The evidence is conflicting as to what instructions he received, if any, at the time he assumed this employment.

The evidence shows that, while appellee was showing a Mr. Fox (who was to succeed him)

around, one of the screens became clogged, and appellee, in attempting to go to it quickly, went over or near the shaft and set-screw on which his pants were caught, thereby receiving the injury complained of. The evidence was conflicting as to whether or not he could have gone around another way, and have accomplished the act intended within the time required, and whether or not he went the ordinary and usual route. The accident occurred between 8 and 9 o'clock at night.

The first assignment of error discussed by counsel relates to the sufficiency of the evidence to warrant the court in the submission of the cause to the jury, claiming it was guilty of no breach of duty to the appellee; that the presence of the uncovered set-screw and shaft constituted an open, obvious and incidental danger, which appellee assumed by virtue of his employment, and could, by the exercise of ordinary care, have prevented the accident. It is a general rule, with certain exceptions, as stated by Mr. Justice Helm in the case of *Wells v. Coe,* 9 Colo., at page 160:

"In the purchase of safe machinery and appliances for use in his business, the master is required to exercise ordinary care and diligence; such care and diligence having reference to the hazards of the employment, and being proportioned to the dangers of the service. If, through the want of ordinary care in this respect, unsafe or defective machinery is procured, and the servant, without fault on his part, is thereby injured, the master is liable."

In the same case, the learned judge also states:

"The master is likewise charged with the further duty of maintaining, in suitable condition, the machinery and appliances used in his business. In this regard he is also required to exercise ordinary care and diligence, and is liable for injuries resulting

from his ordinary negligence, to the servant, without fault on the latter's part. The question as to what shall constitute such ordinary care having reference likewise to the danger which the service naturally imposes upon the employee.''

These same principles of the law have been approved by this court in numerous cases: *Sampson M. & M. Co. v. Schaad,* 15 Colo. 197; *Colo. Midland Ry. Co. v. O'Brien,* 16 Colo. 219; *Deane v. Light and Power Co.,* 5 C. A. 521; *Moffatt v. Tenney,* 17 Colo. 189; *Grant v. Varney,* 21 Colo. 329; *D. & R. G. R. R. Co. v. Burchard,* 35 Colo. 539.

The evidence in this case is conflicting, and we think, under proper instructions, was sufficient to go to the jury for their determination.—*Moffatt v. Tenney, supra.*

The second assignment urged by appellant in the evidence shows, had the appellee gone around another way, a distance of fifteen to twenty feet further, it would have been a safe way and he could thereby have avoided the possibility of the accident. The appellee testified that he did not know the setscrew was there until after the accident happened. Also, he testified, as did Mr. Fox (the employee who succeeded him in this work) that the route he did go was the shortest, most direct and natural route and was the ordinary way in going to this particular screen, and the way he (Fox) went himself.

In the case of *Colorado Central Ry. Co. v. Ogden,* 3 Colo. 499, it was held, if a person of ordinary prudence would not have believed the defect dangerous, he may disregard it without losing his right to complain, if he suffers from the defect while pursuing the ordinary course. We do not think the fact that there was evidence tending to show that he could have gone around some fifteen to twenty feet farther in order to reach the place

required, to relieve a condition there calling for quick action, was negligence upon his part in not doing so, when there is no evidence to the fact that he had been informed by any one that the set-screw was there, or evidence tending to show that he actually knew it was there, other than the contention of certain witnesses that, by looking, he could have seen it, or from the fact that it was there and readily discernible, and he would, by the use of ordinary care, have been compelled of necessity to have seen it. From the circumstances shown, the fact that he did not go around was not sufficient to withdraw the case from the consideration of the jury.—*Gilbert v. Ry. Co.,* 128 Fed. 529.

The probabilities are, when we consider the general conditions at this time existing between the employer and the employee, that the employee usually does, and it is customary that he perform the duties of his employment in the usual and ordinary way intended by his employer, and, in case he does not and insists upon a safer way, his period of employment soon terminates; and too often the question of the mode of performing, the duties to be performed, and the safety of the machinery used, are not questions for his consideration; the paramount question with the employee being the securing of employment at all.

The fifth to twenty-ninth, inclusive, being twenty-five errors assigned, relate to the refusal of the trial court to give the twenty-five instructions offered by the appellant. These alleged errors cannot be considered, because no sufficient objection was raised at the time of their refusal.

The record shows, at the conclusion of the evidence, the defendant, in twenty-five alleged separate instructions, requested the court to instruct the jury upon nearly every conceivable phase of the law ap-

plicable to any case of personal injury. These
requests were offered all together, starting with the
one titled, "Defendant's request No. 1." They
were not signed by counsel, separate or at all; there
is no refusal indorsed thereon by the court; there is
a statement in the bill of exceptions, "But the court
refused to give all, each or any of the above and
foregoing instructions so requested by the defend-
ant"; the only objection thereto reads as follows:
"To which refusal of the court to instruct the jury
as requested, the defendant then and there, by coun-
sel, duly excepted." This was not sufficient, for
reasons often stated by this and other courts. There
was no objection made or exception taken to each
alleged instruction, if they can be termed such, and
from the language quoted, we must presume the ex-
ception (which, under this practice, was an objec-
tion) was taken to the court's refusal to give them
all as a whole. Some of them may have been proper;
some of them had no application to this case; others
were unquestionably not the law. The particular
instruction which it was proper to have given, if any,
should have been clearly pointed out, and the objec-
tion specifically made to the refusal of the court to
give that instruction. This was not done; the excep-
tion taken being general to all the instructions of-
fered by defendant *en masse* will not be considered
by this court upon review.—*Webber v. Emmerson,*
3 Colo. 248; *K. P. R. R. Co. v. Ward,* 4 Colo. 30;
*Woeten v. Weigel,* 5 Colo. 424; *Keith et al. v. Wells,*
14 Colo. 321; *McFeters v. Pierson et al.,* 15 Colo. 201;
*D. & R. G. R. R. Co. v. Ryan,* 17 Colo. 98; *Orman et
al. v. Mannix,* 17 Colo. 564; *Miller et al. v. People,*
23 Colo. 95; *Mining and Milling Co. v. Prentice,* 25
Colo. 4; *The Supreme Lodge, K. of H., v. Davis,*
26 Colo. 252; *Beggs v. Martin.* 108 Fed. Rep. 33.

The exception taken in this case was not in conformity with that in the cases of *Ritchey v. The People,* 23 Colo. 314, and *City of Denver v. Hyatt,* 28 Colo. 129, in both of which the objection was made and exception reserved to each and every of said instructions. In this case, the objection was: "To which refusal of the court to instruct the jury as requested, the defendant then and there, by counsel, duly excepted." In the case of *City of Denver v. Hyatt, supra,* the court expressly criticised the exception in that case, and called attention to the fact that the practice had been repeatedly criticised by this court, although stating when so made it would be considered, and suggested trial courts should require counsel, at the time of taking exceptions, to briefly point out wherein the instructions were erroneous; and we do not think the rule should be extended beyond a strict construction of the last two cases, which practice, as stated, has been repeatedly criticised by this court, as it is not fair to the trial court, to opposite counsel or to litigants upon the other side, to pass lightly over matters of importance without calling the attention of the court and counsel to them at the time, and allow an opportunity to pass upon their validity then, instead of waiting until after the result of the litigation is determined, and if adverse to the party thus purporting to raise them, then to be allowed to be heard in this court that the lower court erred in such manner, and thus have a sure means of securing a reversal of the cause. Neither do we think it proper to do so in the first instance, upon a motion for a new trial; the trial court should have its attention called to the particular instruction desired at the time it was offered, for the purpose of deciding, at the proper time, whether or not it should be given or refused, and when objections are made, the reasons should be assigned therefor.

The instructions given were by the court upon its own motion, and the last assignment of error urged for our consideration is the giving of instruction No. 1 and its sundry parts, which reads as follows:

"1.   Now the jury is instructed that it was the duty of the defendant to furnish a reasonably safe place in which the plaintiff was required to work. And if you find and believe, from a preponderance or greater weight of all the evidence, that the uncovered condition of the shaft and set-screws was dangerous to those working in the screen room in discharging their duties, and that it could have been covered so as to render it safe to those working in said screen room, then it was negligence on the part of the defendant to leave said shaft and set-screws uncovered; and if you further find and believe, from a preponderance or greater weight of all the evidence that the plaintiff did not know the dangerous condition of said shaft and set-screws, and that the same was not obvious, and could not have been discovered by the plaintiff by the use of reasonable care and caution on his part, and that in discharging his duties he was required to be about and near to said uncovered shaft and set-screws, and so being near thereto in the discharge of his duties, the leg of his trousers was caught by said uncovered shaft and set-screws, and his leg thereby broken, you will return a verdict for the plaintiff; otherwise, you will find for the defendant."

The only other instructions given were a statement of the plaintiff's claim, the amount of damages to be awarded, if any, and the forms of verdict, instruction No. 1 covering the entire law of the case. Whether the first part of this instruction, which states: "It was the duty of the defendant to furnish a reasonably safe place in which the plaintiff was re-

quired to work," is the proper one to be given in such instances, without any modification as to the degree of care required, or whether or not it should have stated it was the duty of the defendant to exercise ordinary care, diligence or precaution in providing a reasonably safe place for his employees to work in, etc., or, in other words, whether it is the effort of the employer to furnish a reasonably safe place, or the place so furnished, or both, which is to be the test, we will not pass upon in this case, for the reason we are of opinion the giving of the paragraph or portion of the instruction following the above, namely,

"And if you find and believe, from a preponderance or greater weight of all the evidence, that the uncovered condition of the shaft and set-screws was dangerous to those working in the screen room in discharging their duties, and that it could have been covered so as to render it safe to those working in said screen room, then it was negligence on the part of the defendant to leave said shaft and set-screws uncovered,"

was error, for the reason without further modification than as stated in this entire instruction No. 1 which, as above stated, was the only one given on the subject, it would make the employer an insurer as to the safety of the appliances furnished his employee to work with, which is not the law in this jurisdiction. —*Moffatt et al. v. Tenney*, 17 Colo. 189; *Grant v. Varney*, 21 Colo. 329; *The Carleton M. & M. Co. v. Ryan*, 29 Colo. 401; *City of Greeley v. Foster*, 32 Colo. 292; *D. & R. G. R. R. Co. v. Burchard*, 35 Colo. 539; *D. & R. G. R. R. Co. v. Warring, Admr.*, 37 Colo. 122; *Harvey v. Mountain Pride Gold Mining Co.*, 18 C. A. 234; *Hughes et al. v. Schnavel*, 20 C. A. 306; *Mississippi River Logging Co. v. Schneider*, 74 Fed. 198.

The first portion last quoted states "that if the jury finds the uncovered condition of the shaft and set-screws was dangerous to those working in the screen room," is erroneous in that it must be conceded that any piece of such machinery in a screen room is, to a certain extent, dangerous to the people working therein. A person employed in a stamp mill assumes the ordinary risk of such employment, including the ordinary dangers incidental to the operation of its machinery; the employer being charged with the responsibility of ordinary care in providing a reasonably safe place for his employees to work in, as repeatedly held by this court in the cases hereinbefore cited.

The second portion "and that it could have been covered so as to render it safe to those working in said screen room," is not the test. It is true it could have been covered, and had it been done, the accident possibly would not have occurred. On the other hand, it must be conceded that any kind of machinery or any wheel or set-screw or other works in any machinery or any portion or part of nearly any conceivable kind of machinery could be covered so as to render it safe, or practically so, to those working in and about it, and we submit that these statements are not the test in this jurisdiction. In this case, by this language the court left the jury nothing to determine upon these subjects, which was error. These matters, along with the others, were such as should have been left for the determination of the jury. The tests should have been as to the first, whether or not the uncovered condition of the shaft and set-screws, considering their size, location, etc., were so dangerous to those working in the screen room in discharging their duties that it was negligence upon the part of the company in so leaving them, and in doing so whether or not it exer-

cised the ordinary and reasonable care in the selection of the machinery and its maintenance in this condition so as to make it reasonably safe for the employees working in and around the same.

As to the second, it should have been left to the jury to determine whether or not it was necessary, in the exercise of reasonable care looking to the welfare and safety of those working in the screen room, that the employer should have covered the set-screw so as to render it reasonably safe, and in case it was necessary to do so to make it reasonably safe, and it was not done, then the defendant was guilty of negligence and these errors were not cured by the other portions of this instruction which went to other phases of the case, incomplete within themselves, as to the duties of O'Hara.—*Grant v. Varney, supra.*

The judgment of the district court is reversed, and cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.