[No. 3495.]

## WARD v. ATKINSON, Executor.

1. CONTINUANCE—*Affidavit.* An affidavit to support an application for the continuance of a cause on account of the absence of a witness should ordinarily. be made by the party himself rather than by his attorney. If the party himself is unable to make the affidavit, the reason of his inability should be made to appear. The affidavit must show the whereabouts of the witness, to what he would testify if present, and due diligence to procure his attendance or his deposition. If to excuse the failure tò secure his deposition a letter of the witness promising to attend is relied upon, the letter should be presented.

2. —— *Length of Continuance Applied for.* It seems that under certain conditions, e. g., where the cause had been tried in the county court, and appealed to the district court, the length of time for which delay wàs requested may enter into the question of whether there was error in denying the application.

3. —— *Prior Application—Stipulation to Admit Testimony.* A trial and verdict for the opposite party, in the county court, after a similar application upon the same ground, showing the testimony expected of the witness, and met by a stipulation that the witness would so testify if present, is ground to deny the application, when renewed upon appeal to the district court, no attempt to secure the deposition of the witness in the meantime appearing.

4. BILL OF EXCEPTIONS—*When Necessary..* Error alleged upon instructions given will not be considered where no exception thereto was saved.

5. INSTRUCTIONS—*Objections and Exceptions to.* An exception to the whole of an instruction, no attempt being made to call the attention of the court to the only clause or phrase complained of—the instruction being of considerable length—is inapt, and will not entitle the defeated party to a review of the instruction.

6. EVIDENCE—*Uncontradicted Testimony of a Party.* It is not the law that the unsupported testimony of a party to the action is sufficient as a matter of law to establish any fact, even though such testimony be uncontradicted. The jury are not under an absolute duty to accept such testimony as true.

7. NEW TRIAL—*Newly Discovered Evidence—Affidavit.* Motions for a new trial grounded upon newly discovered evidence are not regarded with favor. The denial of such a motion by the trial court will not be disturbed save in case of gross abuse of discretion.

Where the application is grounded upon the alleged discovery, since the trial, of the whereabouts of an absent witness, the affidavit must by a statement of the facts show what efforts the party made before the trial to ascertain the whereabouts of such witness. A mere averment of "all possible diligence" will not suffice. And where it is manifest by the record that long prior to the trial the applicant knew of the materiality of the testimony of the witness, and knew of his whereabouts, the application should be denied.

The affidavit of the absent witness as to the facts to which he will testify should be produced, or the failure to procure it excused.

*Appeal from El Paso District Court.* HON. JOHN W. SHEAFOR, Judge.

Mr. W. D. LOMBARD and Mr. ROSCOE P. ADDY, for appellant.

Mr. HENRY TROWBRIDGE and Mr. O. E. COLLINS, for appellee.

CUNNINGHAM, Judge.

Appellee, as plaintiff below, brought her action in the county court in replevin, to obtain possession of a certain automobile which she alleged defendant wrongfully withheld from her. The sole issue in the

case was as to the ownership of the car. There is no dispute but that plaintiff purchased the car from one Marlow, and that she thereafter left the same in his possession. Defendant claims to have later purchased the machine from Marlow, and taken possession of it, and on the trial sought to prove that plaintiff had intrusted the machine to Marlow with authority to sell and dispose of the same. Plaintiff's evidence tended to show that she had intrusted the car temporarily to Marlow, who ran a garage, while she was absent from the city, but without giving him any authority to dispose of it. The evidence shows that defendant took possession of the machine on or about March 28th, 1907, and under a redelivery bond, held possession of it until December 23rd, 1908, the date of the second trial, which was in the district court. Two juries, one in the county and one in the district court, have found in favor of plaintiff, and motions for new trials in each instance have been denied by different judges. The errors argued in the briefs pertain to (a) the refusal of the trial court to grant a continuance (b) the giving of certain instructions (c) in refusing to grant the motion for a new trial, based largely on newly discovered evidence.

1.   Five days before the case was called for trial one of defendant's attorneys filed an affidavit made by himself, supporting his motion for a continuance. This affidavit was deficient in the following particulars. (1) it failed to set up what the absent witness would swear to, if present.

*Cody v. Butterfield,* 1 Colo., 377; *Chase v. People,* 2 Colo., 509; *Glen v. Brush,* 3 Colo., 26.

(2)   The affidavit failed to disclose the where-

abouts of the witness, and omitted the message or letter which the affiant states that one of the absent witnesses had sent or written, stating that he would be present.

Furthermore, it appears from the record that the defendant had known the whereabouts of the witness for three months or more, and on account of his absence made a similar application for a continuance when the case was tried in the county court, but in that application, that is, the one made to the county court, what was expected to be proven by the witness was set forth, and the plaintiff stipulated that if the witness was present, he would swear to the state of facts to which, by the showing made, it was stated he would testify, and the case went to trial, with the result that verdict and judgment went against defendant in the county court.

(3)   No attempt appears to have been made to take the deposition of this absent witness, and no request was made of the trial court for a short continuance for the purpose of taking his deposition. Neither does the affidavit show due or any diligence to procure the presence of the witness at the trial, as required by sec. 194 of the code (R. S.)

The affidavit in support of a motion for a continuance should ordinarily be made by the applicant, rather than his attorney, and where the applicant cannot, for some reason, make the affidavit himself, the reasons of his inability should be made to appear. 4 Enc. Pl. & Pr., 875; 9 Cyc., 135. For the reason stated, the trial court committed no error in denying the motion for a continuance.

2.   No instructions were tendered by appellant, hence if the instructions as given by the trial court

were insufficient, which we do not intimate, it amounted, at most, to non-direction, and this feature need not be considered by us.

Error is assigned on the giving of instructions 2, 3, 5, 6, 7 and 7½. We find no objections or exceptions whatever to any instruction in the abstract of record, and no objection whatever appears to have been interposed or saved as to instructions 7 and 7½. We might, with propriety, decline to consider all assignments of error based on the instructions, for the reasons pointed out, and we must so decline as to instructions 7 and 7½, to which no attempt whatever was made to save exceptions. The rules governing the preparation of abstracts are accessible to all practitioners, and have been in existence for a great many years, and almost every one of our seventy volumes of reported cases contain suggestions and admonitions concerning this matter, and the proper practice as to making objections and saving exceptions. It would seem that by a little care, attorneys ought to find no difficulty in following these rules and the suggestions so often made by our courts of review, at least substantially.

We perceive no error in the instructions, but since one complaint with reference to them is vigorously debated, and many authorities are cited by appellant to support his contention, we shall consider it. It is urged that the trial court, in various instructions, intimated or insinuated that whether the defendant purchased the automobile from Marlow or his company was a question for the jury to determine. The only testimony offered on this point was that of the defendant himself. He testified positively and unequivocally that he purchased the ma-

chine of Marlow, on a date subsequent to its sale by
Marlow to plaintiff, and while it was in Marlow's
possession, and while the plaintiff was out of the
city. Appellant asserts that since no testimony was
offered in contradiction of defendant's testimony on
the point that he had so purchased the machine, it
was error to submit that question to the jury. There
are several answers that might be made to this con-
tention. For instance, the phrases in the instruc-
tion, of which complaint is made in the brief, were
not specifically objected to. The exception was
taken, in each instance (where any exception was
taken at all), to the entire instruction, no attempt
being made to call the court's attention to the ob-
jectionable phrase. To illustrate: Instruction 2 is
somewhat lengthy. It properly advised the jury as
to the burden of proof that rested upon the plaintiff,
and no fault was found with this instruction by de-
fendant, except that it contained a parenthetical
phrase reading: "If you find he did purchase it." ·
(In this phrase the pronoun "he" refers to the
appellant, and the pronoun "it" refers to the ma-
chine.) Instruction No. 2 contained three para-
graphs. The phrase objected to is found in the sec-
ond of these three distinct paragraphs, which to-
gether compose instruction No. 2. Defendant's ob-
jection was general, and went to the whole instruc-
tion, and does not appear in the abstract at all, but
in an unabstracted portion of the bill of exceptions,
rather than in the record. As to the proper manner
of making objections to instructions, and as to the
duty of both counsel, and the trial court, on the trial
below, with reference thereto, see *Portland M. Co.
v. O'Hara,* 45 Colo., 416; *City of Denver v. Hyatt,*

28 Colo., 129. But we prefer to dispose of the objection raised on its merits, and to base our ruling upon authority and reason, rather than upon the insufficiency of the record.

Whatever the rule may have been, at a time when interest absolutely disqualified a witness, as to the weight and sufficiency of the testimony of a single witness, it is not now the rule that the unsupported, though uncontradicted, testimony of a party to a contested suit is sufficient, as a matter of law, to establish the fact concerning which he testifies. So in this case, it was not only not error for the learned trial judge to submit the question of defendant's purchase of the car to the jury for its determination, but he discharged his plain duty by so doing. We believe the authorities, a few of which will be cited later, are in substantial accord on this question. In the present case (as indeed in substantially all jury cases generally) the jury was instructed as follows:

"You are the sole judges of the weight and sufficiency of the testimony, and the credibility of the witnesses who have testified; and in passing upon this question, you may determine, and have the right to determine, from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness, their apparent intelligence or lack of intelligence, and from all the circumstances appearing on the trial, which witnesses are the more worthy of credit, and to give credit accordingly. You may also take into consideration the interest, if any, which any witness may have in the result of this trial, and if you believe from the evidence that any witness has wilfully and cor-

ruptly sworn falsely to any material fact in the
case, then you are at liberty to disregard the entire
testimony of such witness, except in so far as the
same may be corroborated by some credible testi-
mony, or in so far as the facts and circumstances
are proven on this trial.''

No objection was made by appellant to this in-
struction, and we apprehend that it will not be con-
tended that it does not correctly state the law.   If
appellant's contention that when the defendant has
spoken, his testimony binds court and jury until
some evidence in conflict therewith is produced is
sound, then the stock instruction which we have
just quoted in part must be qualified so as to read:

''You are the sole judges of the weight and suf-
ficiency of the testimony and the credibility of the
witnesses who have testified (except the plaintiff or
the defendant), and in passing on this case you may
determine, and have the right to determine, from
the appearance of the witnesses on the stand
*   *   *   which witnesses are the more worthy of
credit, and to give credit accordingly (except as to
the plaintiff or the defendant).   You may also take
into consideration the interest, if any, which any
witness may have in the result of this trial (except
as to the interest of the plaintiff or of defendant).
And if you believe from the evidence that any wit-
ness (except the plaintiff or the defendant) has wil-
fully and corruptly sworn falsely to any material
fact in the case, then you are at liberty to disregard
the entire testimony of such witness.   When, how-
ever, the defendant (as in this case) shall testify
in his own behalf, his testimony is absolutely bind-
ing upon you, and you must accept as true what-

ever he has testified to, unless and until evidence in contradiction thereof is produced."

It ought to require no authority to support our conclusion as already announced, viz., that the testimony of a party to a suit, upon an issue raised by the pleadings, does not, as a matter of law, establish the truth, and take from the jury the right and the duty to determine the issue concerning which he testifies, even though no evidence in contradiction thereof be produced on the trial. But we cite in support of our conclusions the following cases:

*Turner v. Grobe,* 24 Tex. Civ. App., 554; *Coats v. Elliott,* 23 Tex., 606; *Monoz v. Wilson,* 111 N. Y., 295; *Bonnentheil v. Brewing Co.,* 172 U. S., 401; *Elwood v. W. U. Co.,* 45 N. Y., 549; *Huff v. Cox,* 2 Ala., 310; *Rhodes v. Lowery,* 54 Ala., 4; *Starr v. Fuller et al.,* 71 Ia., 425; *Bank v. Wallach,* 45 N. Y. Sup., 885; Thompson on Trials, sec. 2287.

Mr. Thompson says:

"But where the plaintiff makes out a case by undisputed testimony, it is not error to instruct the jury that *if they believe such testimony,* to find for the plaintiff, and to point out to them that the defendant has seen fit to offer no contravailing testimony. But under any theory of the relative provinces of court and jury, where there are questions of fact for the determination of the jury, it is error, even in those jurisdictions where the court is allowed to sum up the evidence, to give a charge which virtually decides the questions of fact, and withdraws them from the consideration of the jury."

3. In support of his motion for a new trial, defendant filed his own affidavit, and that of his counsel, the affidavits being offered for the purpose

of showing newly discovered evidence. The evidence which was claimed to have been discovered since the trial was that of Marlow, who sold the machine to the plaintiff, and who the defendant claims sold the machine, later, to himself, by the authority or direction of the plaintiff. While the defendant, in his affidavit in support of his motion for a new trial, states that he had "used all possible diligence to discover the whereabouts and the present location of the said Marlow, and to discover evidence of the facts hereinabove set forth, and that defendant's efforts therein were vain," still he makes no attempt to enlighten the court as to what efforts he had made to locate Marlow. In this affidavit defendant states that Marlow was located at No. 256 Broadway street, in the city of New York. In the affidavit filed for a continuance, five days prior to the trial, and to which reference has been heretofore made, counsel for defendant states "that the testimony of one witness, to-wit, W. D. Marlow, is especially material to establish the rights of the defendant, for the reason that he was the party who had the original transaction with the plaintiff in this action in regard to the automobile in controversy in this action." It, therefore, appears that the materiality of Marlow's testimony was known to the defendant prior to the trial. Indeed, the record discloses that he had known of its materiality prior to the first trial, in the county court. This fact is made to appear by affidavits of the county judge and the official stenographer in the county court, filed by appellee in resistance of the application for a new trial in this case. By the uncontradicted affidavits of the county judge and the

official stenographer, it is also made to appear that
defendant knew that Marlow, at the time of the
trial in the county court, was in New York city, and
by testimony given in the county court it is appar-
ent that the defendant had known what his street
address was.    While on the stand in the county
court the defendant testified that Marlow's street
address was "some street address in New York city,
but I`do not remember the number," which fairly
shows that he had known, but at the moment, while
on the stand, he had forgotten the street number.
It seems clear, therefore, that the defendant must
have known both of the materiality of Marlow's
testimony, and his address, long before the trial in
the district court, and there is no showing of any
attempt whatever, as has been said, to take his depo-
sition, and no affidavit whatever of Marlow's filed
to show what he would testify to.    All the informa-
tion we have as to whether his testimony could be
had at another trial, or what he would testify to,
are the statements made by the defendant.    The af-
fidavits of the absent witnesses as to what they
would swear to in the event a new trial should be
granted, ought to be presented, or valid excuse for
the failure to present them given.    In the very na-
ture of things, the defendant could not state what
the attitude of an absent witness might be on a
new trial, or what he would say when once he is
subjected to examination under oath.    The most
that counsel or defendant, who made the affidavits
in this case, could know, is what the absent witness
wrote or told them he would swear to, and it is
not stated in the affidavits how they obtained the
information as to what he would testify to.

Thompson on Trials, vol. 2, sec. 2762; Enc. Pl. & Pr., vol. 14, p. 825; Elliott's Appl. Proc., sec. 857; *Rogers v. Huie,* 1 Calif., 429; Spelling's New Tr. & Ap., p. 528; Hayne on New Tr. & Ap. 261, sec. 93; *Jenny Lind Co. v. Bower,* 11 Calif., 191.

In the latter case Mr. Justice Field said:

"The affidavit of Marshall as to the testimony which Hoffman would give, should have been accompanied by Hoffman's affidavit. Hoffman's absence at his residence at Forest Hill, and the consequent inability of Marshall to obtain his affidavit in time, was not a sufficient excuse for its non-production. If necessary, application should have been made for additional time to obtain and file it."

The care required in the preparation of motions for new trials, and the affidavits in support thereof, is pointed out in the following Colorado cases:

*Outcalt v. Johnson,* 9 Colo. App., 519; *Barton v. Laws,* 4 Colo. App., 212; *C. S. & I. Ry. Co. v. Foglesong,* 42 Colo., 341; *Cole v. Thornberg,* 4 Colo. App., 95.

Motions for new trial based upon newly discovered evidence are ordinarily not favorably regarded, and their disposition usually is left to the discretion of the trial judge, whose action in denying such motions will not be reversed, except for gross abuse of discretion.

Baylies New Tr. & Ap., 527-9; Spelling's New Tr. & Ap. Proc., vol. 1, secs. 206-9-21; Enc. Pl. & Pr., vol. 14, p. 790-9; Hayne New Tr. & Ap., p. 250, sec. 87; *Arnold v. Skaggs,* 35 Calif., 684; *Baker v. Joseph,* 16 Calif., 180.

We quote the following from the opinion in the Baker case:

"The temptations are so strong to make a favorable showing after a defeat in an angry and bitter controversy involving considerable interest, and the circumstance that the testimony has just been discovered, when it is too laté to introduce it, so suspicious, that courts require the very strictest showing of diligence, and all other facts necessary to give effect to the claim."

Under the well-established rules as laid down in the authorities cited, the affidavits in support of the motion for a new trial were wholly insufficient, and the trial court committed no error in denying the motion.

The judgment must be affirmed.

*Affirmed.*