## No. 10,111.

### FORDHAM v. COOPER.

Decided December 5, 1921.   Rehearing denied January 9, 1922.

Action to recover the value of work and labor performed. Judgment for plaintiff.

*Affirmed.*

### On Application for Supersedeas.

1.  AGENCY—*Authority of Agent—Proof.*   The fact that an agent is authorized to manage property, procure tenants and collect rent, is evidence of authority to secure and pay for services in cleaning and repairing the premises, and a jury is not bound by the testimony of the principal's witness to the contrary.

2.  APPEAL AND ERROR—*Harmless Error—Remittitur.*   Action of the trial court in ordering a remittitur of a part of the amount awarded plaintiff by the jury, as a condition for overruling defendant's motion for a new trial, if error, was not prejudicial to defendant.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. ROBERT H. KANE, for plaintiff in error.

Mr. JOHN HIPP, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action which was commenced and tried in a justice court, hence there are no pleadings. Upon an appeal to, and a trial in the county court, the plaintiff recovered a judgment for $24.00 and costs. The defendant sued out this writ of error, and applies for a supersedeas.

The plaintiff sues to recover the reasonable value of work and labor which she and her two daughters expended upon a dwelling house, private garage, and yard belonging to the defendant and rented by plaintiff. The plaintiff's evidence is to the effect that the services were performed under a contract whereby her compensation would be in the form of deductions from rent for the premises. The plaintiff vacated the premises because compelled to do so by the health authorities, and therefore could not be compensated for her services in accordance with the contract. This was due to no fault of her own. The defendant received the value of the services. The plaintiff is entitled to recover as upon a *quantum meruit*.

The defendant denies the contract, and also denies the authority of her husband, with whom plaintiff had all the negotiations, to make such a contract as alleged. There is sufficient evidence to support a finding that there was such contract as claimed by plaintiff, and also that defendant's husband in making it acted within his authority as agent. He was authorized to procure a tenant for the property, and to collect rents. His wife was an invalid, and he managed the property. That is evidence of authority to secure and pay for services in cleaning and repairing the premises. The jury were not bound by the testimony of defendant's witness to the contrary. 23 C. J. 54, sec. 1796; *Ward v. Atkinson,* 22 Colo. App. 134, 123 Pac. 120.

The verdict of the jury was for $48. As a condition for overruling defendant's motion for a new trial, the court ordered a remittitur of $24, and rendered judgment for

the balance, $24, and costs. The verdict was not manifestly excessive. The plaintiff testified that she worked twelve days, and that her services were reasonably worth $4 per day, and also that each of the two daughters worked six days. This evidence supports the verdict as to amount. There was no error prejudicial to defendant in the court's ordering the remittitur, and there can be no reversal on that ground. *Sills v. Hawes*, 14 Colo. App. 157, 59 Pac. 422.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.