[No. 6164.]

## BEACH v. SCHROEDER ET AL.

1. **Appeals—Verdict on Conflicting Evidence** is conclusive. —(314)

2. **Evidence—Competency—Admissibility—**In a controversy between the vendor and vendee of chattels, the vendor claiming that the vendee is liable for the freight moneys paid by him thereon, bills of lading shown to be those upon which the goods were shipped, are admissible, though not otherwise identified. By whom the papers were executed is wholly immaterial.—(314)

To receive explanation of an indorsement appearing upon a paper already in evidence, is proper.—(315)

Plaintiff claiming that certain live stock were sold to defendant, and defendant, that the sale was not to himself, but to a certain corporation, and plaintiff having testified that he had purchased meat at the shop of the corporation, he is not to be asked if the bill was made in the name of defendant.—(315, 316)

Held competent in the same case to show that defendant made payment for the live stock by the check of such corporation; that the check was signed by defendant as an officer of the corporation, the form of the check, and the manner of keeping the account in the bank, are all immaterial.—(316)

Evidence of a sale of the same live stock to a third person was held irrelevant.—(318)

3. Evidence—Order of Proof—To receive in rebuttal matter proper only in chief is not fatal, unless a great abuse of discretion appears.—(317)

4. Payment—Acceptance—Effect—Acceptance by the vendor of the agreed price of goods sold, no mention being made of the freight thereon which the purchaser had agreed to pay, is no answer to the vendor's action for the freight.—(319)

5. New Trial—Diligence—Application for a new trial on the ground of newly discovered evidence must show diligence of the moving party in preparing for trial, why the evidence was not then discovered, how it was discovered, and such facts as acquit the party applying of laches.—(320)

*Appeal from Larimer County Court*—Hon. C. V. BENSON, Judge.

Messrs. ANNIS & STOW, for appellant.

No appearance for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

This controversy arises over the freight charges on two carloads of sheep shipped from Denver to Fort Collins. Plaintiffs, who are appellees here, claim to have sold to defendant the sheep at $2.65 per head, plus the freight, and that appellant failed to pay the freight charges as agreed. Appellant, on the other hand, contends that the sheep were purchased at the rate of $2.65 per head; that no mention was made of freight, and that the sale was made to the Fort Collins Packing Company, a corporation, and not to him personally. The case was first tried before a justice of the peace, resulting in a judgment for plaintiffs. Defendant thereupon appealed the case to the county court where it was tried *de novo*, resulting in a like judgment, from which this appeal is prosecuted.

The foregoing were the only questions in issue upon the trial of the cause, and having been submitted to a jury, and determined in favor of plaintiffs, and against defendant, upon conflicting testimony, the finding is conclusive, unless error intervened in the matters hereinafter mentioned.

No objections are urged to the instructions given, so we assume the jury was correctly advised as to the law of the case. Appellant contends, however, that the court committed reversible error in the admission, rejection, and striking out, of certain evidence, and in refusing to grant a new trial.

There was offered, and received, in evidence freight bills, which plaintiffs testified, were the freight bills they received from, and were required to, and did pay, the railroad company, for the shipment of said sheep. It was objected that these bills, as evidence, were incompetent, irrelevant and immaterial, and were not properly identified. It is now claimed that there was no evidence showing by whom they were made, or that they are true statements of the items contained therein, and that until such facts were established, the bills were hearsay, and not admissible for any purpose.

It is quite true, no one testified to the actual making of the bills, but there was ample evidence to show that they constituted the contracts under which the railroad company received, transported, and delivered the animals. They, therefore, measured the duties, liabilities, and rights of the shippers of the sheep and the railroad company, and were the very instruments the latter used in exacting of the shippers. the payment of the freight. By whom they were made was wholly immaterial. They were clearly admissible in evidence in this case, and constituted, at least, *prima facie* evidence of what the freight, which defendant agreed to pay, actually was.

Moreover, before their admission in evidence, plaintiff Schroeder, without objection, had testified specifically to the amount of the freight, which was the identical sum designated in the bills.

Upon the back of the freight bills had been written an order or direction to the railroad company to "transfer this billing on sheep to Tom Beach." These directions were written, and signed by one of the plaintiffs about six weeks after the shipment of the sheep, and it is contended that the court committed reversible error in permitting said indorsements, and by whom they were made, to go to the jury. No objections were made to the introduction of the bills in evidence because of the indorsements written thereon. In fact, no reference was made to such indorsements until in re-direct examination of plaintiff McMurray, when he was asked to, and over objections interposed, did explain by whom and when such indorsements were made. As the bills were already in evidence, we think permitting the explanation does not constitute reversible error. It in no wise prejudiced defendant, but was rather to his advantage. The jury could properly have been instructed that the indorsements could not affect defendant, but this the latter did not request.

Upon cross-examination plaintiff Schroeder, after testifying that he had purchased meat of the Fort Collins Packing Company in the latter's shop, was asked if the bills therefor were made out against him in the name of Tom Beach, and also whether he knew the location of said company's place of business. An objection to these questions was sustained. It is argued that as the witness had testified that he sold the sheep to Tom Beach and the latter claimed that the sale was to the Fort Collins Packing Company, the questions were proper as the evidence was in direct support of defendant's position.

We are unable to appreciate the force of defendant's contention in this respect. It is wholly immaterial whether the bills for meat purchased, were made out in the name of the Fort Collins Packing Company, or in the name of Tom Beach; nor would the knowledge, or lack of knowledge, on the part of witness, as to the location of the building of the Fort Collins Packing Company, be of any importance whatever in this controversy.

Defendant was asked if a check signed by the Fort Collins Packing Company per Tom Beach, given in payment or part payment of the sheep, was the form of check used by said company, and was also asked how the funds of that company were kept in the bank. Objections were interposed to these questions and sustained. Counsel say that the question of who owed for the sheep, and who should, and did, pay for them, and if freight was due, who owed for that, were material matters. Clearly such matters constitute the very issue of the case, but we are unable to see wherein the form of a check used by the Fort Collins Packing Company, or how that company kept its funds in the bank, or whether the check in question was the usual form used by such company, in any wise gives enlightenment thereon. It was clearly evident that the check in question was the check of the Fort Collins Packing Company, and it was admitted that it was received by plaintiffs as payment upon the sheep in question. The giving, and the receipt, of the check of the packing company, as a payment on the purchase price of the sheep, was a circumstance for the jury to consider in connection with all other facts and circumstances in evidence. This circumstance, however, would be just as strong if the check were actually the check of the packing company and that company had never used such form before, as it would have been, had no other form

ever been used. The same is true whether the packing company had previously kept an account in a bank, or in any manner whatsoever. If it were the check of the company and payment was received thereon, it established certain facts and those alone, to wit: the fact of payment and that such payment was by a check of said company. The form of the check and the manner of keeping the account in the bank in no wise established, or tended to establish, by whom the sheep were purchased.

It is said error intervened in admitting in evidence on rebuttal the testimony of two witnesses for the plaintiffs, whose evidence should have been given as part of plaintiffs' case in chief. Appellant argues that the court thus abused its discretion, and permitted the plaintiffs to repeat certain facts before the jury, and to leave a last impression upon that body to the prejudice of the defendant. It is presumed that a jury considers the evidence in its entirety, irrespective of whether it is the first or last brought before it. Certainly the general rule is, that plaintiff in rebuttal is confined to evidence in reply to that of his opponent, but the court has the power to permit original testimony to be given. While courts seldom permit parties, when giving evidence in rebuttal, to introduce that which ought to have been placed before the jury when they were making out their own side of the case, yet a departure from this rule is not reversible error, unless it appears to be a great abuse of discretion, and the other party was prejudiced thereby.—*Buckingham v. Harris,* 10 Colo. 455, 463. We do not consider that the act of the court in the premises, was such an abuse of discretion as requires a reversal of this case.

Upon cross-examination of one of the plaintiffs, certain evidence was adduced, tending to show a former sale of the particular sheep to one Bert Cave,

and upon motion such evidence was stricken out. Appellant contends that thereby the court committed prejudicial error. The jury, he says, were entitled to know the conditions and circumstances surrounding the property at the time of sale, and that these facts should have gone to them for their consideration. The evidence stricken out was clearly incompetent. However desirable it might be to know of whom Schroeder purchased, to whom he sold, or was about to sell the sheep, prior to his dealings with the defendant, such facts can have no legitimate bearing upon the sale to defendant. If parties were permitted to go into such matters, the courts would be enmeshed in an endless confusion of issues.

Immediately after the sale of the sheep, and before their delivery, plaintiffs went away from home, not returning for about six weeks. The sheep were delivered through the respective agents of the parties to this suit. Two or three days thereafter, defendant stated to plaintiffs' agent that he would pay for the sheep that afternoon. When the agent called some conversation was had as to the number of sheep. Defendant upon ascertaining the number, made some calculations, drew a check, and handed it to the agent. No freight bills were then presented, or mentioned, nor had they knowingly been received at that time by plaintiffs or their agent. The shipment was supposed to be in the name of one Bert Cave, but it was subsequently discovered that the freight bills had been made out to Bert McMurray, one of the plaintiffs, and had, together with several hundred other freight bills, been taken up or paid by the plaintiffs' agent.

Upon plaintiffs' return home, and the discovery or identification of the McMurray freight bills as the ones for the shipment of the sheep here in question,

plaintiffs demanded payment thereof from defendant.

Defendant contends that the plaintiffs through their agent, who had heard the terms of sale, accepted said rate of $2.65 per head as payment in full for the sheep, and that plaintiffs are bound by their agent's acts in the premises. At the time of the receipt of the check no question had arisen as to the terms of the contract. The agent might properly have assumed that defendant would pay the freight bills direct to the railroad company, or settle them with plaintiffs when the latter had ascertained and paid the amounts thereof. The transaction from plaintiffs' understanding of the contract, was payment only of that portion of the purchase price then ascertainable. It had no semblance, from any view-point, of a compromise of a disputed claim. Therefore, the principle advanced by counsel, that the acceptance of the fruits of a compromise by the principal is a ratification of the settlement made in his behalf and binds him, has no application.

Appellant further insists that the verdict of the jury should have been set aside and a new trial granted, on the ground of "newly discovered" evidence. The particular evidence claimed to have been "newly discovered" is, "that plaintiffs paid the freight in question to the agent of the railroad company on the same day (they) collected the money for the sheep"; and "that the sheep purchased, according to the market value thereof at the time of purchase, were worth from $2.10 to $2.40 per head, showing that $2.65 per head was ample, contemplated and calculated to include the amount of the freight."

We do not find it necessary to examine the question of the materiality of such "newly discovered" evidence. If it were conceded that such evidence would be material, we do not perceive that the court

abused its discretion in refusing the new trial. A motion for a new trial on the ground here under consideration should show that the evidence could not, with reasonable diligence, have been discovered in time for the trial. It should also show the diligence the moving party exercised in preparing for the trial, how the new evidence was discovered, why it was not discovered before the trial, and such facts as make it clear that the failure to produce the evidence was not through the fault or want of diligence of the party seeking the new trial.—*The Lee-Kinsey Implement Co. v. Jenks,* 13 Col. App. 265, 268.

The appellant has failed to comply with these well established rules, nor has he pointed out any prejudicial error in this record. The judgment is, therefore, affirmed.                              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.