## No. 9325.

## BARRON v. THE PEOPLE.

NEW TRIAL—*Newly Discovered Evidence,* which is merely cumulative, or the failure to produce which at the trial is not excused, will not suffice.

*Error to Huerfano District Court, Hon. A. Watson McHendrie, Judge.*

Mr. JOSEPH DYE, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General; Mr. CHARLES ROACH, Assistant Attorney General, for The People.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error was found guilty of unlawfully and feloneously conveying intoxicating liquor from one point to another within this State. It was her second conviction for violating the prohibition laws of Colorado, and she was sentenced to the penetentiary. This judgment is here for review. The plaintiff in error is herein referred to as defendant.

Only one of the numerous assignments of error merit discussion. This relates to the overruling of the motion for a new trial, which was based upon the alleged discovery of new evidence.

Defendant and her husband were tried jointly and both convicted. The man has since died, and the action as to him therefore has abated. The liquor in question was brought into the State from a town in New Mexico to Trinidad, as baggage in a trunk, and was sent from Trinidad to Walsenburg, where it was delivered at the boarding house kept by the Barrons and was there seized by the Sheriff. Defendant had been to New Mexico, had stopped at Trinidad on her way home, and came to Walsenburg on the same train which brought the trunk containing the liquor. Her husband gave the check for the trunk to an expressman, and ordered it delivered to their house.

In explanation of these facts defendant claimed that the whiskey was the property of one Zengel, a nephew, and a boarder at the Barron home; that Zengel had borrowed the trunk for the purpose of bringing in the liquor, and had himself come to Trinidad, and then to Walsenburg, with the baggage, and had given the check for the trunk to the deceased defendant for the purpose of having it delivered. Zengel was not a witness at the trial, although the matters herein referred to concerning him were fully testified to by witnesses for the defense.

On motion for a new trial affidavits by Zengel and another were presented. Zengel swore in substance that he had purchased the liquor in New Mexico, and had himself transported it into and about this State. The other affidavit *was to the effect that affiant saw Zengel purchase liquor* in New Mexico. Zengel was questioned by the trial judge as to his connection with the matter, and it appears that he had been fined between the time of the conviction of defendant and the hearing of the motion for a new trial, by a justice of the peace in Walsenburg, upon a plea of guilty to shipping in the liquor contrary to the statute.

Although defendant presented an affidavit to the effect that the matters covered by the affidavit of her nephew were unknown to her at the time of the trial, the record shows that whatever connection Zengel may have had in the illegal shipment was then known to and relied upon by defendant. The testimony also shows that she knew, or at least had reason to believe she knew, the whereabouts of Zengel before the trial, yet she made no effort whatever to have him brought to testify in her behalf. There was not only no showing of proper diligence in attempting to secure his testimony, but rather a showing indicating absolute lack of effort. In discussing the propriety of granting a new trial upon the ground of newly discovered evidence, this court, in *Beach v. Schroeder,* 47 Colo. 312, at page 319, 107 Pac. 274, said:

"Appellant further insists that the verdict of the jury should have been set aside and a new trial granted, on the ground of 'newly discovered' evidence. * * * We do not find it necessary to examine the question of the materiality of such 'newly discovered' evidence. If it were conceded that such evidence would be material, we do not perceive that the court abused its discretion in refusing the new trial. A motion for a new trial on the ground here under consideration should show that the evidence could not, with reasonable diligence, have been discovered in time for the trial. It should also show the diligence the moving party exercised in preparing for the trial, how the new evidence was discovered, why it was not discovered before the trial, and such facts as make it clear that the failure to produce the evidence was not through the fault or want of diligence of the party seeking the new trial. *The Lee-Kinsey Implement Co. v. Jenks,* 13 Colo. Appeals, 265, 268." [57 Pac. 191.]

To the same effect are *Holland v. People,* 30 Colo. 94, 69 Pac. 519, and *C., S. & I. Ry. Co. v. Foglesong,* 42 Colo. 341, 94 Pac. 366.

The testimony against defendant is clear, positive and convincing, and even if the alleged newly discovered evidence had been in fact introduced, it should not have induced a different result. In fact, all that can fairly be said of it is that to all intents and purposes it is cumulative merely.

The other errors assigned are without merit, and the judgment of the trial court should be affirmed.

Judgment affirmed. ·

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.