No. 10,035.

CRONIN *v.* HOAGE.

Decided March 6, 1922.

Action for personal injury. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Conflicting Evidence.* A verdict based on conflicting evidence will not be disturbed on review.

2. EVIDENCE—*Complaint in Another Action.* Admission in evidence of part of a complaint filed by defendant in another action, held not error in this case.

3. NEW TRIAL—*Newly Discovered Evidence—Affidavit.* Affidavit of newly discovered evidence, in support of a motion for new trial, held insufficient.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN T. MALEY, Mr. PAUL DELANEY, for plaintiff in error.

Mr. JACOB V. SCHAETZEL, Mr. WALTER E. SCHWED, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error, appearing by his mother as next friend, recovered a judgment against the plaintiff in error in an action for personal injury.

Defendant in error, a boy of fourteen years of age, about 5:35 on a January morning, was riding across the Fourteenth street viaduct with another boy named Broadie, both on bicycles. The Broadie boy was about ten feet in advance of the plaintiff, riding in the right hand track of an automobile which had passed over the viaduct subsequent to the fall of five or six inches of snow. Plaintiff was riding in the left hand track of said vehicle. An automobile belonging to the defendant, and driven by one Kidd, ran down the plaintiff and inflicted upon him the injury of which he complains.

The testimony as to the accident consisted of that of the two boys, the only eye witnesses of the accident, of a police officer who testified as to the automobile and bicycle tracks, as did the husband of plaintiff in error, who was at the scene of the accident an hour or more after it occurred. The driver of the automobile was not a witness.

Plaintiff in error contends that the evidence is wholly insufficient to support the verdict. A reading of the record does not sustain this contention. There was evidence from which the jury might reasonably have found as they did, though there was other evidence from which a contrary inference might have been drawn. Under that condition we cannot disturb the verdict.

It is further contended that the court erred in permitting counsel for plaintiff to read from a complaint filed by the defendant in an action for the alienation of her husband's affections. The court admitted this evidence solely as

bearing upon the testimony of plaintiff in error, that she was living with her husband, and with him visited the scene of the accident on the morning it occurred. We find no error in the ruling.

It is also contended that the court erred in not granting a new trial on the ground of newly discovered evidence. Defendant filed an affidavit setting up that she had been unable to secure the attendance, at the trial, of Kidd, the driver of the automobile, and that on a new trial he would testify either in person or by deposition. The affidavit was insufficient in that it did not show diligence upon the part of the defendant in attempting to find the witness, and did not show to what the witness would testify if present, except by the unsupported statement of affiant that he would testify to certain facts. *Ward v. Atkinson,* 22 Colo. App. 134, 123 Pac. 120.

Finding no error in the record, the judgment is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.