## No. 10,344.

## WILEY *v.* THE PEOPLE.

Decided June 5, 1922.

Plaintiff in error was convicted of the crime of rape.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Rulings of Trial Court.* In a criminal case, rulings of the court which are not shown to have prejudiced the rights of the defendants, do not constitute error.

2. NEW TRIAL—*Newly Discovered Evidence.* The rule is, on a motion for a new trial on the ground of newly discovered evidence, that the evidence proposed to be adduced must be sufficiently important to make it probable that a different verdict will be returned on a new trial.

3. *Newly Discovered Evidence—Affidavits.* In an application for a new trial on the ground of newly discovered evidence, the application should be supported by an affidavit of the newly discovered witness, stating the facts to which he will testify, and if such affidavit is not attached to the application, there should be a showing that it was impossible or impracticable to secure the same.

4. *Discretion of the Court.* The disposal of a motion for a new trial, based on the ground of newly discovered evidence, is within the discretion of the trial court, and unless the discretion is abused, the ruling will not be disturbed on review.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. JOSEPH DYE, Mr. BENJAMIN F. KOBERLIK, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was convicted of the crime of rape, and brings error.  His counsel contend that the court erred in holding that the prosecuting witness, who had been recalled by the defendant, was his witness, and not subject to cross-examination.  This witness had been cross-examined at length by defendant's counsel before being recalled, and there is no showing made as to what was expected to be adduced on further cross-examination, and nothing to show that the defendant was prejudiced by the court's ruling.  There are some other assignments of error on the admission and the rejection of evidence, but we find no reason to question the correctness of the court's ruling.  The principal error relied upon is the refusal of the court to grant a new trial upon defendant's claim of newly discovered evidence.  The motion is supported only by the affidavit of the defendant, and merely avers that two witnesses have knowledge of facts, reciting them, which, if testified to, would be favorable to the defense.  The rule is that the evidence proposed to be adduced must be sufficiently important to make it probable that a different verdict will be returned on a new trial.  *C. S. & I. Ry. Co. v. Fogelsong*, 42 Colo. 341, 94 Pac. 356; 29 Cyc. 901.

If the witnesses mentioned in the defendant's affidavit testified to what it is averred they would testify, it does not appear that the evidence would be so far conclusive as to render it probable that a different verdict would be rendered.  The application is further insufficient in that it is not supported by affidavits of the newly discovered witnesses.  It has been held that, in this jurisdiction, such an application should be supported by an affidavit of the newly discovered witness stating the facts to which he will testify.  *Cronin v. Hoage,* 71 Colo. 194, 205 Pac. 271; *Ward v. Atkinson,* 22 Colo. App. 134, 123 Pac. 120.

If such affidavit is not attached to the application, there

should be a showing that it was impossible, or impracticable to secure the same.   29 Cyc. 998.

In any event the disposal of such a motion is in the discretion of the trial court, and that discretion does not seem to have been abused.

There being no error found in the record, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.