## No. 10,769.

## STATE, EX REL. STOCK INSPECTION COMMISSIONERS *v.* NELSON, ET AL.

### Decided March 3, 1924.

Action in replevin.   Judgment for defendant.

### *Affirmed.*

### *On Application for Supersedeas.*

1. APPEAL AND ERROR—*New Trial.*   Where no assignment of error is based upon the action of the court in overruling a motion for a new trial, questions presented therein will not be considered on review.

2.     *Rulings on Evidence.*   Assignments of error based on the admission of evidence cannot be sustained where no objection was made and no exception saved to the rulings.

3.     *New Trial.*   Questions not presented to the trial court in the motion for a new trial will not be considered on review.

4.     *Instructions.*   Where no specific objections to instructions given are presented to the trial court as required by Supreme Court rule 7, assignments of error based thereon cannot be sustained.

5.   NEW TRIAL—*Absent Witnesses.*   There is no error in the refusal of a new trial on the ground of the absence of witnesses, where

no continuance is asked, the complaining party knowing that the witnesses would not be present to testify.

6.     *Newly Discovered Evidence—Diligence.* To justify the granting of a new trial on the ground of newly discovered evidence, it must appear that diligence has been used to procure the testimony.

    *Held* that no sufficient diligence appeared in the instant case.

7.   APPEAL AND ERROR—*Sufficient Evidence.* There being sufficient evidence to sustain the verdict of a jury on issues of fact, it will not be disturbed on review.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. JOHN C. NIXON, for plaintiff in error.

Mr. WALTER E. BLISS, for defendants in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

ACTION in replevin brought by plaintiff to recover three steers. The complaint alleged *inter alia:* That the steers were estrays and not the property of defendant. Defendant answered setting up a claim of ownership and the right to possession. Some time before the trial, the firm of Clayton & Murnan intervened in the action, claiming ownership and right of possession of the steers in question. Trial had; verdict and judgment for defendant.

Plaintiff moved for a new trial, setting forth as the only grounds therefor: (1) That the court erred in giving certain instructions. (2) That the court erred in refusing to give instructions requested by plaintiff. (3) That by an act of God, in the nature of a severe snowstorm or blizzard, and because of absence from the state, certain witnesses for the plaintiff were prevented from attending the trial. (4) Newly discovered evidence. Motion denied.

The plaintiff brings the case here for review, and asks that a supersedeas be granted.

No assignment of error is based upon the action of the court in overruling plaintiff's motion for new trial, and

we are therefore not required to review the questions presented therein. *Patton v. People,* 74 Colo. 322, 221 Pac. 1086, 1087. Notwithstanding this omission, however, we have examined the record and have considered the errors assigned.

The plaintiff's first assignment of error is that the findings and judgment of the trial court are contrary to the pleadings, the evidence, and the law. The second, third, fourth, sixth, seventh and eighth assignments of error, cover the grounds set out in the motion for new trial. The fifth assignment of error is that "the trial court erred in failing to exclude from the evidence a purported bill of sale for one of said cattle from one F. J. Eichenberger to said defendant Nelson."

The fifth assignment of error cannot be sustained for the reason that when the purported bill of sale was offered in evidence, the plaintiff made no objection, and saved no exception, and for the further reason that it was not presented to the court in the motion for new trial. Its introduction in evidence was objected to by the intervenors, but they are not here complaining.

Rule 8 of this court provides that only questions presented in the motion for new trial will be considered on review, and this rule must be complied with. *Rocky Mountain Motor Co. v. Walker,* 71 Colo. 53, 203 Pac. 1095; *Larson v. Long,* 73 Colo. 241, 243, 214 Pac. 539.

The assignment of error based on instructions 5 and 6 given by the court cannot be sustained. No specific objections thereto were presented to the trial court as required by rule 7 and the decisions of this court. *Webber v. Emmerson,* 3 Colo. 248; *Kansas Pacific Railway Co. v. Ward,* 4 Colo. 30, 35; *Keith, et al. v. Wells,* 14 Colo. 321, 325, 23 Pac. 991; *McFeters v. Pierson, et al.,* 15 Colo. 201, 207, 24 Pac. 1076, 22 Am. St. Rep. 388; *Bijou Irrigation District v. Cateran Land & Livestock Co.,* 73 Colo. 93, 96, 213 Pac. 999.

The court, fully and correctly, as we think, instructed

the jury as to the law of the case, and did not err in refusing to give the instructions requested by plaintiff.

The contention of the plaintiff, that the court erred in failing to grant a new trial because the storm prevailing at that time prevented the appearance of one Fitch as a witness, and in failing to grant a new trial because of the absence from the state of the witness Rosenbaum, cannot be sustained. When the case was called for trial the parties announced themselves ready. The plaintiff had knowledge at that time that Fitch, if present at the trial, would probably testify in plaintiff's behalf. No continuance, postponement, or delay was asked by plaintiff, either at that or any subsequent time, on account of the absence of Fitch. When plaintiff rested its case, it did so with the full knowledge that Fitch was not present, and so stated. In other words plaintiff waived the right to have the witness present. Neither had the plaintiff procured a subpoena to be issued and served upon Fitch requiring his presence. As to the witness Rosenbaum, plaintiff had a subpoena issued for him, as a witness, and was supposed to know that the subpoena had not been served. No continuance or postponement was asked on account of the absence of this witness, nor was it in any way brought to the attention of the court that Rosenbaum was expected to be a witness in the case.

Plaintiff insists that the court should have granted a new trial because of newly discovered evidence. The affidavit of M. J. Frazier shows that he was a stock inspector of the state, stationed at the Union Stock Yards in Denver; that he attended the trial of this case, but did not testify as a witness; that he was convinced, as an experienced stockman, from the testimony of the defendant, that defendant did not own the cattle in controversy, and thereupon he determined to trace the ownership of the cattle, which he proceeded to do. The trial was concluded on the 15th day of March, 1923, and from the affidavit of Frazier, it appears that before the 13th day of April, 1923, he discovered evidence that one R. O. Watson was the owner of

the cattle in question, and Watson's affidavit, filed in support of the motion for new trial, stated that he was the owner of the cattle. The affidavit of T. N. Thompson corroborates the affidavit of Watson, that Watson was the owner of the cattle. This action was instituted on the 7th day of October, 1922. It thus clearly appears that from October 7, 1922 to March 15, 1923, no effort was made by the plaintiff to procure the evidence that Watson was the owner of the cattle, but that the efforts of plaintiff were directed to procuring testimony that the cattle were estrays and were the property of Clayton & Murnan; that within thirty days after the trial they were able to procure the evidence as stated in the affidavits referred to. Upon the showing made in the affidavits, the plaintiff and Watson contend that a new trial should have been granted for the purpose of allowing Watson to prove his ownership of the cattle. We think the court did not err in refusing to grant a new trial upon this ground. It has been repeatedly held by this court that to justify the granting of a new trial on the ground of newly discovered evidence, it must appear that diligence has been used to procure the testimony. *Walling v. Warren,* 2 Colo. 434, 441; *Martin v. Hazzard Powder Co.,* 2 Colo. 596, 600; *Chapin v. Goodell,* 2 Colo. 608, 611; *Crater v. McCormick,* 4 Colo. 196, 199, 200; *Barton v. Laws,* 4 Colo. App. 212, 218, 35 Pac. 284; *Nesbit v. People,* 19 Colo. 441, 462, 36 Pac. 221.

Certainly it does not appear that diligence was used in the instant case. Had the same effort been made to trace the ownership of the cattle before the trial, that was made afterwards, the testimony would have been discovered and would have been produced at the trial. Neither do we think the court would have been justified in granting a new trial for the purpose of enabling Watson to intervene in the case, and given an opportunity to prove his ownership of the cattle. There might be no end to litigation if such practice should be indulged in. Watson was not made a party to this suit, and at no time during its progress did he ask to intervene, until after the trial and before the hearing of the motion for new trial. He is not concluded

by the judgment rendered. Although the evidence does not seem to have satisfied Frazier that the cattle belonged to Nelson, it did satisfy the jury, and, as there was sufficient evidence to sustain the jury's verdict, we cannot disturb it.

Failing to discover any error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.