No. 11,255.

EACHUS v. THE PEOPLE.

Decided June 1, 1925.

Plaintiff in error was convicted of larceny of livestock.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Assignments Considered.* Under the provisions of Supreme Court rule 8, the only matters which can be considered on review are those mentioned in the motion for new trial.

2. CRIMINAL LAW—*Sufficiency of Evidence.* The contention in a larceny case that the verdict is not supported by the evidence, overruled.

3. APPEAL AND ERROR—*Conflicting Evidence—Verdict.* The testimony being conflicting, a verdict supported by sufficient evidence will not be disturbed on review.

4. NEW TRIAL—*Newly Discovered Evidence.* Motions for new trial based on newly discovered evidence, ordinarily are not favorably regarded.

5. *Court Discretion.* The disposal of a motion for a new trial is within the discretion of the trial court whose ruling thereon will not be disturbed on review in the absence of gross abuse of that discretion.

6. CRIMINAL LAW—*Surprise Evidence.* A defendant in a criminal case who is surprised by reason of the admission of rebuttal testimony, should call the court's attention to it at the time, and not for the first time, in his motion for a new trial.

7. NEW TRIAL—*Motion—Affidavit.* Affidavit in support of a motion for a new trial on the ground of newly discovered evidence, held insufficient.

8. *Motion—Newly Discovered Evidence.* To warrant the granting of a motion for a new trial on the ground of newly discov-

ered evidence, it must appear probable that a different verdict would be returned on a new trial.

9.  CRIMINAL LAW—*New Trial—Motion—Newly Discovered Evidence.* Newly discovered evidence which is cumulative and which would only tend to contradict the people's witnesses or corroborate those of defendant, does not ordinarily warrant the granting of a new trial.

10.  NEW TRIAL—*Motion—Surprise.* Ordinarily a new trial will not be granted for surprise unless it appears probable that, except for the surprise, a different verdict would have been rendered.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Mr. ELAM B. UNDERHILL, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE plaintiff in error was convicted in the district court of Mesa county, of the crime of horse stealing and sentenced to the penitentiary for a term of not less than one year nor more than thirteen months. He brings the case here and applies for a supersedeas. The defendant's motion for new trial, which was overruled, contains two grounds, viz.: (1) That the verdict of the jury was contrary to the evidence; and (2) Newly discovered evidence. A number of defendant's assignments of error cannot be reviewed here because they relate to matters which were not raised in the motion for new trial, nor in any manner brought to the attention of the trial court. The only matters which we can consider, under rule 8, are those mentioned in the motion for new trial. *State, ex rel. v. Nelson,* 75 Colo. 98, 100, 223 Pac. 1086.

1.  Defendant's contention that the verdict is not sup-

ported by the evidence cannot be sustained. He cites *Piel v. People,* 52 Colo. 1, 119 Pac. 687, as the controlling case to sustain his contention. The evidence there was entirely different from the evidence here, and that case can have but little weight in the consideration of the facts disclosed by the record now before us.

In the case at bar there was evidence tending to show that Parks, the complaining witness, was the owner of the colt which the defendant was charged with stealing. Parks testified that he was the owner of the colt and of its mother, described the colt, and further testified that the defendant had had it in his possession for the past 18 months, and that defendant had said that he was going to get it; that about a year before the trial, he saw it in Roehms' pasture. Roehms is a brother-in-law of defendant. Several witnesses testified defendant had stated to them that he stole the colt from Parks. There was testimony corroborating Parks that the colt was seen in Roehms' pasture and that Parks had taken it to the S-Cross Ranch, from which it was afterward taken by defendant.

Hammer testified that he had known the horse ever since it was a colt and that he was absolutely sure it belonged to Parks. Fessler testified that defendant told him he had branded the colt and that it belonged to "One Eye"; that by "One Eye" witness supposed defendant meant Parks; that Parks went by that name quite often in the mountains; that defendant said to witness that "One Eye" had been blaming him all of his life for stealing from him, and that if he was going to get the blame he might as well have a little of the game; that from the way defendant talked, it didn't seem to the witness that what defendant said was intended as a joke. Malone testified that defendant told him he stole the colt and that witness had seen the colt in Roehms' pasture. The defendant admitted that he had the colt in his possession, but claimed that he was the owner of it and owned its mother at the time the colt was foaled. He testified that he did not steal the colt, but admitted that he had told the various witnesses, who testi-

fied, that he had stolen it; that he did not know why he made those statements except that he thought it was none of their concern where he got it.

Defendant, when asked as to whether he wanted the jury to believe that the state's witnesses were mistaken, answered that the jury could use their own minds and their own judgment about believing them. There was testimony corroborating defendant's evidence that he was the owner of the colt. The defendant having admitted the possession the only questions involved were as to the ownership and larceny of the animal.

It was the exclusive province of the jury to determine the weight and sufficiency of the evidence and to pass upon the credibility of the witnesses. The record presents conflicting evidence, on the questions suggested, and sufficient to support the verdict. In the light of the repeated decisions of this court we cannot disturb the verdict. *Cronin v. Hoage,* 71 Colo. 194, 205 Pac. 271; *Patton v. People,* 74 Colo. 322, 324, 221 Pac. 1086; *State, ex rel. v. Nelson, supra,* 103, 223 Pac. 1086.

We can say here, as was said in the Cronin Case, that: "there was evidence from which the jury might reasonably have found as they did, though there was other evidence from which a contrary inference might have been drawn. Under that condition we cannot disturb the verdict."

2. Newly discovered evidence: Motions for new trials based upon newly discovered evidence ordinarily are not favorably regarded. *Edwards v. People,* 73 Colo. 377, 394, 215 Pac. 855. It was within the discretion of the court to grant or refuse the motion. *Wiley v. People,* 71 Colo. 449, 451, 207 Pac. 478. We cannot interfere with the ruling of the court unless there was a gross abuse of discretion in denying the motion, and it does not appear that there was.

There is some doubt as to whether this may be considered as newly discovered evidence. On rebuttal Parks testified that the colt, which defendant claimed to be the colt of the mare Jule, was traded by defendant to one Ed-

wards, known as "Easy Bill," and by him traded to Parks. Parks was corroborated in this statement by Byler. The first time defendant claimed surprise by reason of the admission of this rebuttal testimony was when he filed his motion for new trial. He should have called the attention of the court to the matter at the time it occurred. *Edwards v. People, supra.*

His motion was supported by his own affidavit only; no affidavit of Edwards was filed with the motion or at all. Perhaps it was impossible or impracticable to obtain and file with the motion Edwards' affidavit, which otherwise would be required. The affidavit of defendant states that defendant was surprised by the introduction of the rebuttal testimony, and that he was not prepared to controvert it; that Edwards, if present in court, would say that he had never procured the horse described by the rebuttal witnesses from the defendant through any trade or through any other means, and that Edwards would further testify that the horse in question was the offspring of defendant's mare Jule, and that the colt belonged to defendant. Defendant further stated in the affidavit that he was not informed as to the exact location of Edwards, but that defendant was acquainted with friends and relatives of Edwards and was informed and believed that Edwards was in the state of Utah, nearby, and that he could be procured and would return and testify in the trial if given the opportunity. This can hardly be classed as newly discovered evidence. Defendant does not show by his affidavit that he had any word from Edwards or any communication of any kind, or that he had any information as to what Edwards would testify to if present.

It is quite apparent that the defendant had not, at the time of presenting his motion for new trial, discovered since the trial anything new concerning Edwards or what his testimony would be upon another trial. *Ward v. Atkinson,* 22 Colo. App. 134, 144, 123 Pac. 120.

As to what is required in support of a motion for new trial on the ground of newly discovered evidence, see the

following: *Cronin v. Hoage, supra; Ward v. Atkinson, supra; Barron v. People,* 66 Colo. 32, 34, 179 Pac. 815; *C. S. & I. Ry. Co. v. Fogelsong,* 42 Colo. 341, 94 Pac. 356; 29 Cyc. p. 998.

It does not appear that the newly discovered evidence, if such it is, makes it probable that a different verdict would be returned on a new trial. *Wiley v. People, supra; C. S. & I. Ry. Co. v. Fogelsong, supra.*

Furthermore, the rebuttal testimony went to the question of the identity of the horse alleged to have been stolen. The evidence of Edwards, if obtained and given as outlined in the defendant's affidavit, would tend to contradict people's witnesses and corroborate those of defendant. Where such is the case it does not ordinarily warrant the granting of a new trial. *Beals v. Cone,* 27 Colo. 473, 493, 62 Pac. 948, 83 Am. St. Rep. 92; *Edwards v. People, supra.*

And the same is true where the newly discovered evidence is cumulative. *Barton v. Laws,* 4 Colo. App. 212, 219, 35 Pac. 284; *C. S. & I. Ry. Co. v. Fogelsong, supra; Barron v. People, supra.*

Where surprise is claimed, it has been said that ordinarily a new trial will not be granted for surprise, unless it appears probable that, except for the surprise, a different verdict would have been rendered. 29 Cyc. pp. 879, 880.

We think the court did not err in overruling the motion for new trial. Finding no error in the record, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, concur.