## No. 11,440.

### BLASS *v.* THE PEOPLE.

#### Decided June 1, 1926.

Plaintiff in error was convicted of an assault with intent to commit murder.

### *Affirmed.*

1. CRIMINAL LAW—*New Trial.* The recantation by a witness who testified on behalf of the people does not necessarily require the granting of a new trial.

2. *New Trial—Newly Discovered Evidence.* Motions for new trial based on the ground of newly discovered evidence are to be regarded with disfavor.

3. *New Trial—Newly Discovered Evidence.* The granting or refusing of a motion for a new trial on the ground of newly discovered evidence, rests within the sound discretion of the trial court.

4. WITNESSES — *Credibility — Jury.* The credibility of witnesses and weight to be given their testimony are questions exclusively for the jury.

5. APPEAL AND ERROR—*New Trial—Newly Discovered Evidence.* Ruling of the trial court on a motion for a new trial on the ground of newly discovered evidence will not be disturbed on review in the absence of a clear showing of abuse of discretion.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Mr. O. H. DASHER, Mr. LEWIS DeRIGGS MOWRY, Mr. FRANK H. HALL, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, for the people.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE plaintiff in error, hereinafter designated as defendant, was convicted in the district court of Las Animas county, of an assault with intent to commit murder. He comes here on error to review that judgment.

The contention that the evidence is insufficient to sustain the conviction, and that the court erred in refusing to direct a verdict at the close of the people's case, is without merit.

The principal contention is that the court erred in overruling the motion for a new trial, which was predicated upon newly discovered evidence. The affidavit, bringing into the record the newly discovered evidence, was a recantation made by the prosecution witness, Rocco, who alleged in his affidavit that he had committed perjury in his testimony on the trial, in charging the defendant with the commission of the assault.

Shortly after the date of the assault on one Frank Flynn, Rocco was arrested on three charges of burglary committed in Trinidad, and while he was in the county jail, made a confession of these offenses to the district attorney and sheriff, and at the same time made a confession of being implicated with defendant Blass in making the assault upon Flynn on April 30, 1925. During the trial of Blass, Rocco pleaded guilty to the three charges of burglary and to participating in the assault upon Flynn, and was sentenced to the penitentiary therefor.

Rocco testified, in substance, that Blass offered him $2,000 if he would "get Flynn"; that on the night of April 30th Blass and Rocco secreted themselves adjacent to the Flynn home; that about midnight Flynn and his wife drove into their garage from the alley and that Blass shot Flynn in the back; that Blass handed Rocco $700 in bills, and promised him $1,300 later, with the warning "not to say anything or squeal, and to watch his steps," to which Rocco replied, "I can give you my word * * * I won't squeal on you." He also testified that Blass did not pay him the additional $1,300, as promised.

After the conviction of Blass and before filing the motion for a new trial, the attorney for Blass visited Rocco in the penitentiary at Canon City, where Rocco made an affidavit, in which the affiant stated that "Blass had nothing to do with the shooting of Flynn, and I am the guilty man in shooting Frank Flynn, and I was paid for this job by Mason." "I wanted to get leniency if I could tell a lie on the other man." A few days thereafter Rocco made a counter affidavit, which was filed by the district attorney, in opposition to the motion for a new trial, which stated "that the evidence as given by me as a witness for the state at the trial of Frank Blass in the district court of Trinidad, Colorado, was true in every particular. That the later affidavit which I gave regarding it was to keep Frank Blass from coming to the penitentiary, as I feared for my life, because he had threatened my life on several occasions if I 'squawked'."

The ground of the motion for a new trial was based entirely upon the recanting affidavit of Rocco, who was the principal witness on behalf of the people.

The question for our determination is whether a recantation by a witness who testified on behalf of the people necessarily required the trial court to grant the defendant a new trial. We must answer the question in the negative. Such a rule would imperil the proper ad-

ministration of justice. *People v. Shilitano,* 218 N. Y. 161, 112 N. E. 733, L. R. A. 1916F, 1044. The power to grant a new trial to a convicted felon would no longer rest in the sound discretion of the court, but with the witness who testified against him upon the trial.

"It cannot be said that, as a matter of law, a new trial should be granted whenever an important witness against the defendant shall make an affidavit that he committed perjury in his testimony. If that were so, justice would be defeated in many grave cases." *People v. Tallmadge,* 114 Cal. 427, 46 Pac. 282.

"There is no form of proof so unreliable as recanting testimony. In the popular mind it is often regarded as of great importance. Those experienced in the administration of the criminal law know well its untrustworthy character." *People v. Shilitano, supra.*

We have many times announced that motions for new trial, based upon the ground of newly discovered evidence, are to be regarded with disfavor. *Edwards v People,* 73 Colo. 377, 394, 215 Pac. 855; *Eachus v. People,* 77 Colo. 445, 448, 236 Pac. 1009. The granting or refusing of such a motion rests within the sound discretion of the court. *Wiley v. People,* 71 Colo. 449, 207 Pac. 478; *Eachus v. People, supra.*

The testimony in the instant case was in sharp conflict. The credibility of the witnesses and the weight to be given the testimony of each witness was exclusively for the jury, and the jury it seems accepted the testimony of Rocco as true and rejected that of the alibi witnesses of the defendant as untrue. The judge presiding at the trial was in a position which gave him all of the opportunities of determining for himself the credibility of the witnesses and of the weight to be given to their testimony, the same as each member of the jury. Great weight should be given to the opinion of the trial court upon a motion of this character.

The trial judge having considered both of the affidavits of Rocco, one in support of the motion and the

other counter thereto, in connection with all of the testimony and circumstances of the trial, we cannot disturb his decision thereon, in the absence of a clear showing of abuse of discretion.

After a careful consideration, we do not discover any good reason for disturbing the discretion exercised by the court below in denying the motion for a new trial.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.