No. 12,685.

## WOLFE *v.* THE PEOPLE.
(6 P. [2d] 927)

Decided December 21, 1931.

Mr. BERNARD J. SEEMAN, Mr. JACOB L. SHERMAN, for plaintiff in error.

Mr. J. S. Underwood, Attorney General, Mr. Clarence L. Ireland, Attorney General, Mr. E. J. Plunkett, Assistant, for the people.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

Harry Wolfe, plaintiff in error, and one Jones, were prosecuted on an information charging violations of sections 6863 and 6864, C. L. 1921. There were four counts: (1) Unlawfully keeping a place to be used and used for gambling; (2) keeping and exhibiting a gaming table, establishment and device to win and gain money; (3) engaging in gambling for a livelihood; and (4) playing at a game for money and property of value. Jones was found guilty on all counts, Wolfe on (1) and (2), and Wolfe alone seeks review. At the conclusion of the people's evidence Wolfe moved for directed verdicts of not guilty on the ground, generally, that the evidence was insufficient. This motion was denied. He then rested, without offering any evidence, and renewed his motion which was again denied. The substance of the assignments of error is that the court erred in denying these motions and in admitting certain exhibits. The sufficiency of the information is not attacked.

There was evidence that the Sarconi Billiard Company occupied and was in control of the premises where the charged offenses occurred. It was admitted that the company was a corporation and Wolfe one of its officers. A people's witness testified that in a small private room near the cigar stand maintained by the company on the premises there was a board or card on which odds on football and other games were posted; that he had made wagers at such odds during the eighteen months preceeding the charges; and had lost some $400. The bets were invariably made with Jones, never with Wolfe.

■ Exhibits B and E, objected to, were checks which the same witness identified as having been drawn by him to "Cash" and wagered at the company's place of business on football games, the odds being supplied by Jones. Each of these exhibits was endorsed "The Sarconi Billiard Co., by H. E. Wolfe," and there was evidence that Wolfe had admitted such endorsements were made by him and that the checks had been paid. Exhibits F, G, H and I, admitted over objections, were applications of the Sarconi Billiard Company to obtain business licenses required by city ordinances. Exhibit F was signed by the defendant. They tended to show the corporation's occupancy and control of the premises where the offenses were charged to have been committed and the connection of Wolfe with the company's activities there. The inference drawn from them was that Wolfe must have known what was transpiring in the place of business of the company of which he was an officer, and we are in accord with the learned trial judge who held that the exhibits were relevant and competent and properly to be considered by the jury.

Elements of weakness thought to be present in the case have been emphasized by counsel for Wolfe. It is pointed out that no witness testified to a single instance of betting by Wolfe, or that Wolfe witnessed or saw any wagering. There was no direct evidence that Jones was in the employ of Wolfe or of the company, but there was evidence that Jones was continually about the premises and gambled there and, as the trial court remarked, "does nothing else," and that Wolfe was active in the conduct of the company's business and was generally at the place of the alleged misdemeanors.

■ Ordinarily it is for the jury to determine what inference shall be drawn from facts proven and whether, as here, the defendant's guilt shall be inferred from the evidence. 4 Elliott on Evidence, p. 288, §3009. If the inference of guilt fairly flows from the evidence, we can not say, as a matter of law, that the jury should not

have adopted the view it did. Perhaps the jury was constrained to believe from what was presented to them, with the witnesses before them, that it was a manifest absurdity that Wolfe did *not* know that his company was keeping a room used for gambling, and that there was kept therein an establishment or device to win and gain money. For one to be ''guilty of permitting or suffering his place to be occupied or used for the purpose of gaming, it has been held not necessary that he shall expressly authorize such use. Knowledge and permission may be inferred or presumed from circumstances.'' 27 C. J. 1011, §169. ''A proprietor may be convicted of suffering gaming on his premises although it is not established that he had actual knowledge of what was going on.'' 12 R. C. L., p. 739, §42. The legislative contemplation was to suppress gambling and gambling houses and to prevent public houses from being resorted to for the purpose of gambling. *Stoltz v. People,* 4 Scam. (Ill.) 168. The presumption of innocence to which counsel say the defendant is entitled because of what is said in *Clarke v. People,* 16 Colo. 511, 515, 27 Pac. 724, does not mean, we take it, that a verdict must be overturned because the presumption of the jury, from evidence warranting such inference, was that the defendant was guilty.

We have held that ''a gaming table * * * consists in the essentials of the game. A table in the literal sense need not exist. A game played and something of value bet are the essential elements of a gaming table, establishment, device or apparatus as used in this act.'' *Everhart v. People,* 54 Colo. 272, 281, 130 Pac. 1076. In that case the establishment consisted of a blackboard on which odds on horse races appeared, and the court said (p. 282) that the horse races were adopted by the defendant ''and made a part of his establishment, project or scheme. These constituted a gambling table, establishment, device or apparatus. They were the essentials of the game as devised or projected as a means to a certain end. That plaintiff in error had nothing to do with the running of

the races is of no consequence. The acts and instrumentalities of others, in that respect, he adopted and thereby they became, in legal effect, his.''

In the case at bar there was evidence of a room and a desk; of a card or board on which odds on athletic contests were posted; that these things were on the premises occupied by a corporation in the business of which Wolfe was active; and that betting resulted from such establishment. We do not believe that the people's evidence, uncontradicted as it was, was so insufficient that the jury should not have passed upon it, or so lacking in the quantum required by law that the court was not justified in passing sentence on the jury's solution.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE BURKE concur.