## No. 13,907.

### YOUNGBLOOD *v.* BOSICK.
(56 P. [2d] 1327)

Decided April 6, 1936.

Mr. CARL CLINE, for plaintiff in error.

Mr. RALPH L. CARR, Mr. JEAN S. BREITENSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THIS is the second appearance of this litigation in this court. For a statement of the facts thought by the court

to be sufficient for its disposition on the former occasion, reference is made to our opinion in *Bosick v. Youngblood,* 95 Colo. 532, 37 P. (2d) 1095. The defendant in error, plaintiff below, had judgment and plaintiff in error, defendant below, brought the cause here on writ of error and a judgment of reversal was entered for insufficiency of evidence to support the verdict and for error of the trial court in not sustaining a motion for a directed verdict. A remittitur in the usual form issued sending the cause back to the district court, "That such further proceedings may be had in said cause as shall conform to the judgment of this Court, entered as aforesaid, as also with the opinion filed therein."

The parties will be designated herein as plaintiff and defendant as in the district court.

When the remittitur was received by the district court the plaintiff sought a trial de novo and her attorney filed his affidavit in support thereof in an attempt to show that on a new trial plaintiff would produce competent evidence to support her cause of action and justify a verdict in her favor. The affidavit, omitting formal portions, was as follows:

"That he [affiant] is the attorney for the Plaintiff in the within entitled cause, and if a new trial be had, Affiant is informed and upon information and belief alleges the fact to be, that in the said new trial, Plaintiff will be able to produce competent evidence and testimony as follows:

"1. That John Higbee, the person mentioned in the opinion filed by the Supreme Court in this cause, was the duly authorized and acting agent for the defendant Charles Bosick, at all times mentioned in the complaint filed in this cause, and that the money so paid him was paid for his services acting in such capacity for the Defendant.

"That at the previous trial of this cause, the said John Higbee was not called as a witness by either the Plaintiff or Defendant, but it is the Affiant's intention to use

504

the said Higbee, as a witness for and on behalf of the Plaintiff at the next trial of this cause.

"2. That all misrepresentations upon which the Plaintiff relied, as set forth in her complaint, were also made by the Defendant Charles Bosick, himself.

"3. That the Defendant concealed material facts from the Plaintiff, when she was making her investigation of the premises, whereby such concealment precluded her from obtaining the true facts of and concerning the property for which she traded."

The affidavit was duly signed and verified.

Defendant filed a motion to dismiss the plaintiff's complaint and after hearing, the court denied a trial de novo and dismissed her complaint with prejudice. Plaintiff assigns error on such dismissal.

■ In *Colorado Springs & Int. Ry. Co. v. Fogelsong,* 42 Colo. 341, 94 Pac. 356, we said: "As a general rule, in order to warrant granting a new trial on the ground of newly discovered evidence, the requirements are that it be such as will probably change the result if a new trial is granted; that it has been discovered since the trial; that it could not have been discovered before the trial by the exercise of due diligence; that it is material to an issue in the case; that it is not merely cumulative to the former evidence; and that it does not merely tend to impeach or contradict the former evidence, except it may be in cases where it clearly appears that it would probably change the result in case of a new trial." See also *Wiley v. People,* 71 Colo. 449, 207 Pac. 478; *Staley v. Nazarenus,* 86 Colo. 326, 281 Pac. 358; *Ward v. Atkinson,* 22 Colo. App. 134, 123 Pac. 120.

■ In cases such as the one here under consideration, when the judgment is reversed for insufficiency of evidence, we cannot know whether other evidence has been discovered since the trial sufficient probably to change the result; nor can we determine in advance that the losing party cannot make a sufficient showing of diligence and of reasons for not producing such evidence to

entitle him to a new trial. We cannot, therefore, without danger of curtailing the rights of such losing party, either enter judgment or specifically direct the trial court to enter judgment dismissing the action, but must leave that matter to the sound discretion of the trial court when it arises. Here the court rightly held that the showing made was insufficient to entitle plaintiff to another trial.

Judgment affirmed.