No. 19,265.

NORMAN E. WILSON *v.* PEOPLE OF THE
STATE OF COLORADO.
(354 P. [2d] 588)

Decided August 8, 1960. Rehearing denied January 9, 1961.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. ROBERT G. PIERCE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error was defendant in the trial court and will be so referred to herein. Defendant and one Bartley Comella, Jr., were charged with aggravated robbery and conspiracy to commit robbery. Prior to trial, and while in custody, Comella committed suicide. Defendant was found guilty of conspiracy to commit robbery after a jury trial.

After the verdict was returned defendant's counsel filed a motion for new trial alleging as error only the following: "That the court in his trial in this cause committed error in refusing to admit in evidence defendant's Exhibit 1, which consisted of a dying confession of his deceased co-defendant Bartley Comella, Jr., in which confession Comella stated that this defendant had no knowledge of his intention to rob the prosecuting witness and did not participate in the commission of said crime."

■ This motion was overruled and defendant was sentenced to a term in the penitentiary. He brings the case here for review assigning as error numerous matters not called to the attention of the trial court in the motion for new trial. We need not repeat the oft announced rule that only matters stated as error in the motion for new trial will be considered on review.

■ The learned trial court properly excluded the so-called dying confession of Comella. Defendant testified that this statement was made by his co-defendant some three weeks prior to the time when he committed suicide. In no sense was this a statement made in contemplation of death.

Because defendant is here pro se we notice the other matters urged in his assignment of errors.

The evidence on the part of the People discloses that shortly before noon on March 11, 1959, defendant walked into the tailor shop of one Glaser, inquiring whether there was a basement to the store which Glaser occupied. Being informed that the premises had no basement, defendant left the Glaser store. In a few moments Comella entered the store and held up Glaser, using a gun, and took some eighty dollars of Glaser's money. The latter followed Comella, saw him enter an automobile and drive away. Glaser took the license number of the escape car and observed its make and color. About ten minutes later defendant was arrested while driving said automobile, some eight or nine blocks from the scene of the crime. Testimony shows that he was carrying the gun which Comella used in the holdup. At that time defendant stated that he had borrowed the automobile to enable him to seek a job, but had decided not to follow his original intention and was returning the automobile to its owner when arrested. The name of the owner of the car does not appear in the record.

The People offered in evidence four exhibits, none of which are in the record here submitted. All were admitted without objection. From the transcript it ap-

pears that Exhibit "D" is a statement signed by defendant. What it contains, we do not know.

Defendant testified on his own behalf and attempted, under the skillful questioning of his counsel, to prove that he was very drunk just prior to the time of his arrest and that he was asleep in the car parked in front of St. Luke's hospital when he was awakened by some lady and told to move the vehicle. He said he moved the car from the parking lot and was looking for another parking place when arrested. The eminent trial judge fairly and impartially tried this case and defendants' counsel made no objection to any instructions given, and submitted none on behalf of his client.

While defendant denied that he had been in the Glaser store on the morning in question, he was definitely identified by the prosecuting witness. He admitted being in the company of Comella during the preceding night. We said in *Cronin v. Hoage,* 71 Colo. 194, 205 Pac. 271:

"There was evidence from which the jury might reasonably have found as they did, though there was other evidence from which a contrary inference might have been drawn. Under that condition we cannot disturb the verdict."

The court has followed this rule in *Eachus v. People,* 77 Colo. 445, 448, 236 Pac. 1009; *Compton v. People,* 84 Colo. 106, 268 Pac. 577; *State, ex rel. v. Nelson,* 75 Colo. 98, 223 Pac. 1086; *Wolfe v. People,* 90 Colo. 102, 6 P. (2d) 927; *Falcon v. People,* 143 Colo. 173, 352 P. (2d) 310 (decided May 23, 1960).

In *Patton v. People,* 74 Colo. 322, 324, 221 Pac. 1086, the court stated:

"The evidence was conflicting but after a thorough examination of all the evidence, we find there was ample to sustain the verdict and we cannot disturb it."

In *Travis v. United States* (10th Circuit), 269 F. (2d) 928, the Court of Appeals held as follows:

"Nevertheless, it is a fundamental principle of appellate review in criminal cases that once the jury has

concluded, as it did here, that the guilt of the accused was proven beyond a reasonable doubt, it is not the province nor the function of this court to weigh the evidence or to test the credibility of the witnesses. * * * Furthermore, we are limited in the scope of our review to a determination of whether there is substantial evidence to support the verdict * * * and must view the evidence in the light most favorable to the government."

■ For purposes of review, it will be assumed that the jury adopted that evidence, or any reasonable inferences therefrom, which supports its verdicts. *Hershorn v. People,* 108 Colo. 43, 46, 113 P. (2d) 680; *Bunch v. People,* 87 Colo. 84, 285 Pac. 766.

We have reviewed the entire record and find, as did the trial judge, that there is ample competent evidence therein to justify the verdict of the jury and the sentence imposed.

We find nothing in the record to justify defendant's assignment that his constitutional rights were violated. He had a fair and impartial trial, was represented by able and competent counsel, and the case was heard by an experienced trial judge.

Perceiving no prejudicial error, the judgment is affirmed.

Mr. Justice Hall not participating.