No. 22186.

ALVREE ORSON JAMES *v.* THE PEOPLE OF THE STATE OF COLORADO.
(427 P.2d 878)

Decided May 22, 1967.

Samuel Merlo, Public Defender, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Robert C. Miller, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

This is a proceeding to have a plea of guilty set aside

and for a new trial, following the conviction and sentencing of plaintiff in error, Alvree Orson James.

The record discloses that James, a twice convicted felon who was on parole when charged with the crime here involved, was charged on September 30, 1963, with the forceable and felonious stealing of certain money from the person of one Forrest E. Fisher. The criminal information also charged three other related offenses which were later dismissed. Defendant *retained* counsel who then moved to continue the arraignment until October 14, 1963. However, on October 4, 1963, James appeared before the trial court and stated he desired to enter a plea of guilty to the one specified charge. At that time his retained attorney expressed a desire to withdraw from the case, and with the defendant's approval, the court granted counsel's motion. James then entered his guilty plea; but before the court accepted it, the trial judge informed the defendant of his rights including the possible penalty of from one to fourteen years in the penitentiary if convicted under C.R.S. 1963, 40-5-1(1) (formerly C.R.S. '53, 40-5-1). The court also advised the defendant of his right to counsel "in this proceeding, or any proceeding relating to this Information." He then asked if James persisted in his plea and was informed by the defendant that he did so.

On October 14, 1963, following a hearing, James was sentenced to a term of from six to fourteen years in the state penitentiary. This sentence was set aside by the trial court, after a hearing on October 28, 1963, due to the admitted improper conduct of a deputy district attorney at the October 14th hearing. On October 28th the defendant was again asked if he persisted in his plea of guilty — which he did. Further proceedings were then had and the trial court ultimately re-sentenced James to a new term of from two to five years.

The defendant thereafter filed a Motion to Vacate Judgment pursuant to Colo. R. Crim. P. 35(b). This motion was denied without a hearing. He subsequently

moved for the appointment of an attorney which was granted, the court appointing the then Public Defender, William A. Thompson, Jr. His new counsel, on November 22, 1965, filed an Amended Motion to Vacate and Set Aside Plea, Judgment and Sentence and to Grant a New Trial. Subsequently a full evidentiary hearing was held on that motion on December 9, 1965, and it was denied.

It is to this latter ruling that James, by the new Public Defender, brings this writ of error. He urges two points for reversal, viz.:

(1) That he was denied and deprived of benefit and advice of legal counsel at crucial times in the proceedings; and,

(2) That his plea of guilty was coerced and was not a voluntary act.

As we view it the answer to defendant's first ground of alleged error depends upon whether James knowingly and validly waived his right to counsel after consenting to the withdrawal of his own retained attorney because he, the defendant, had determined he would fare better by pleading guilty. Suffice it to say in this connection that we have examined the record and agree that the evidence supports the trial court's conclusion at the December 9, 1965, hearing. We believe that James effectively, knowingly, and understandingly waived his right to counsel and cannot now be heard to complain on that issue. The gravamen of James' complaint seems to be not that he was convicted, for he admitted his guilt several times, but rather, that he had been promised a minimum sentence of from one to fourteen years *prior to his first sentencing* by a deputy district attorney and that he had been given more than that amount of time. He overlooks, however, that this ground is precisely why his first sentence was vacated. That issue, therefore , no longer exists. Notwithstanding such a factual situation, James also insists that at his re-sentencing he should have received the minimum sentence. As to that issue, again suffice it to say, we have

examined the record and find no merit to such a contention nor did the trial court at the December 9, 1965, full evidentiary hearing conducted for that purpose.

■■ In cases like these, the question of whether a defendant has knowingly waived his right to be represented by counsel is one of fact. *Rice v. Olson*, 324 U.S. 786, 65 S.Ct. 989, 89 L. Ed. 1367 (1945); and see *Sandoval v. Tinsley*, 338 F.2d 48 (10th Cir. 1964). In considering the sufficiency of the evidence to sustain findings on such a question of fact, we must view the evidence in a light most favorable to the People. *Wilson v. People*, 143 Colo. 544, 354 P.2d 588 (1961); *Gusow v. United States*, 347 F.2d 755 (10th Cir. 1965). As above indicated, the evidence of record amply bears out the findings of the trial court regarding the waiving of a right to counsel by a knowledgeable defendant who obviously gambled that he would thereby secure a lesser sentence.

■ From what has been said it is also apparent that this record fails to disclose that the guilty plea under which James was *ultimately re-sentenced* was in any way coerced or was not a voluntary act. We find there is ample evidence to sustain the trial court on this issue. Thus there also is no merit to defendant's second ground of error.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE dissent.

MR. JUSTICE MCWILLIAMS not participating.